UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK TUFANO, | : | CIV. NO. 3:25-cv-00975 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| SHOPIFY (USA) INC. CORPORATION SERVICE COMPANY, *et al.*, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

On June 2, 2025, the plaintiff, Frank Tufano ("Tufano"), filed an application to proceed *in forma pauperis* in this case. *Doc. 2*. In the application to proceed *in forma pauperis* Tufano asserts that he has take-home pay or wages of $400 but he does not identify an employer. *Id.* at 1. Tufano also asserts in the application to proceed *in forma pauperis* that he does not receive income from "[b]usiness, profession, or other self-employment[,]" but he simultaneously asserts in the complaint that he "owns several . . . online businesses[.]" *Compare doc. 2* at 1 and *doc. 1* at 1.

Under 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a

statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." Under that section, if a litigant establishes that he or she is unable to pay the costs of the suit, the court may allow the litigant to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although a litigant need not be "absolutely destitute" to qualify for *in forma pauperis* status, *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948), such "status is a privilege rather than a right." *Shahin v. Sec'y of Delaware*, 12-4562, 2013 WL 4734392 (3d Cir. Sept. 4, 2013). "The decision to grant or deny an [*in forma pauperis*] application is based solely on the economic eligibility of the petitioner." *In re Womack*, 450 F. App'x 159, 160 (3d Cir. 2011).

On June 11, 2025, we denied Tufano's application to proceed *in forma pauperis*. *Doc. 4* (hereinafter "June 11, 2025 Order"). In the June 11, 2025 Order, we ordered Tufano to either pay the filing fee of $405.00 or file a completed application for leave to proceed *in forma pauperis* on or before July 9, 2025. *Id.* Tufano did neither. *See docket generally*.

Here, Tufano has not filed a motion to proceed *in forma pauperis* or paid the filing fee, despite being ordered to do so. Accordingly, we recommend that the court close the case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of July 2025.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
